Filed 10/6/15  P. v. Madden CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C077845 |
| Plaintiff and Respondent, | (Super. Ct. Nos. NCR84111, NCR87854) |
| v. | |
| DARIN ANTHONY MADDEN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Darin Anthony Madden has asked us to review the record for error pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Because we find no arguable error that would result in a disposition more favorable to defendant, we shall affirm the judgment.

1

**BACKGROUND**

Defendant had multiple ongoing cases, both felonies and misdemeanors, in court at the same time. We relate the necessary procedural background of only those two cases that are properly before us on appeal.

In June 2012, defendant pleaded guilty to felony vandalism (Pen. Code, § 594, subd. (a))[1] and recklessly causing a fire (§ 452, subd. (c)) in case No. NCR84111 (the 2012 case). At the August 6 sentencing, the trial court granted defendant probation.

On July 16, 2013, the People filed a petition to revoke defendant's probation in the 2012 case, and subsequently charged him (on August 22) with inflicting corporal injury on a cohabitant resulting in a traumatic condition (§ 273.5) and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)) in case No. NCR87854 (the 2013 case).

On August 27, 2013, defendant pleaded guilty to corporal injury of a cohabitant in the 2013 case.[2] He also admitted violating his probation in the 2012 case.

In the 2013 case, the trial court imposed but suspended a four-year prison term, placed defendant on three years of probation, and ordered him to serve 120 days in county jail. In the 2012 case, the court imposed but suspended an eight-month (consecutive) prison term for the felony vandalism charge and a concurrent term of two years for the recklessly starting a fire charge, and reinstated defendant's probation. The court also ordered defendant to serve 60 days in county jail and assigned credit in the cases thus far.

---

[1] Further undesignated statutory references are to the Penal Code.

[2] At the time of defendant's pleas in both cases on review, the parties stipulated to factual bases contained in police reports. These police reports were not provided to us with the record on appeal.

In December 2013 and January 2014, defendant tested positive for alcohol.  In April 2014, defendant was discharged from his required 52-week batterer's program, trespassed and vandalized a local business, and was discharged from his drug and alcohol services for excessive absences.  On April 24, the probation officer filed petitions to revoke defendant's probation in both the 2012 and 2013 cases.  In June 2014, defendant violated a court order preventing domestic violence and the probation officer filed amended petitions to revoke.  On October 6, 2014, defendant admitted violating his probation in both cases.

On November 3, 2014, the trial court ordered execution of the previously suspended, aggregate sentence of four years eight months.  The court awarded defendant 392 days of custody credit, assigning all days to the 2013 case due to simultaneous service in both cases of the remaining portion of presentence custody time.

Defendant timely appeals the judgment in both cases without a certificate of probable cause.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.)  Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed since that date, and we have received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.


      DUARTE      , J.


We concur:


      NICHOLSON     , Acting P. J.


      HOCH        , J.